**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NEW YORK LIFE INSURANCE AND
ANNUITY CORPORATION,

    Plaintiff,

v.                                        Case No. 8:13-CV-02767-T-17TBM

JACQUELINE VANDERHOOF, and
RITA VANDERHOOF,

    Defendants,

_____/

## ORDER

This matter comes before the Court pursuant to Defendant Rita Vanderhoof's Motion for Judgment on the Pleadings, (Doc. # 16), filed January 29, 2014, and the Plaintiff's, New York Life Insurance and Annuity Corporation, Opposition, (Doc. # 20), filed February 7, 2014. For the reasons that follow, the Defendant's Motion is **DENIED**.

## BACKGROUND AND PROCEDURAL HISTORY

George Vanderhoof (the "Insured") and Jacqueline Vanderhoof were married from April 3, 1957, until their divorce on May 24, 1989. (Doc. # 1-1). Pursuant to a Dual Judgment of Divorce dated May 24, 1989 (the "Divorce Decree"), "the Insured was required to maintain Jacqueline Vanderhoof as beneficiary to $50,000 in life insurance coverage […] for the duration of his alimony obligations." (Doc. # 1, ¶8). On April 29, 2004, Plaintiff issued an individual life insurance policy, number 62 899 424 (the "Policy") to the Insured. Id. at ¶9. The Insured designated both his former wife Jacqueline Vanderhoof and his now-surviving spouse Rita Vanderhoof as co-equal beneficiaires to

the Policy benefts, $50,000 to each, $100,000 total. Id. at ¶10. On March 15, 2013, for reasons unknown, the Insured executed a "Change of Beneficiary Request" that designated 100% share of the benefits of the $100,000 policy to Rita Vanderhoof.

On August 31, 2013, the Insured passed away. (Doc. # 1, ¶13). On September 12, 2013, Rita Vanderhoof submitted a claim form for the full payment of the life insurance benefits, id. at ¶15, and reasserted this claim on September 26, 2013, and alleged the Insured's requirements to maintain Jacqueline Vanderhoof as a $50,000 life insurance policy beneficiary expired. Id. at ¶16. Jacqueline Vanderhoof denied this allegation via phone call on or about October 16, 2013, and also in her Answer to the Complaint in Interpleader. (Doc. # 10). On October 11, 2013, Plaintiff distributed 50% of the policy benefits to Rita Vanderhoof, and retained the remainder of the benefits due to the uncertainty with respect to Jacqueline Vanderhoof's claim for $50,000. Id. at ¶18.

On October 30, 2013, Plaintiff filed its Complaint in Interpleader, which requests the Court to determine the rights to the remaining proceeds of the insurance policy, to which the respective defendants replied. On January 28, 2014, Plaintiff filed its Motion for Interpleader, (Doc. # 15), which the Court granted on September 4, 2014. (Doc. # 24). On January 29, 2014, Rita Vanderhoof filed her subject Motion for Judgment on the Pleadings, (Doc. # 16), to which Plaintiff replied on February 7, 2014. (Doc. # 20). Jacqueline Vanderhoof failed to respond in accord with Local Rule 3.01(b), and the Court required Jacqueline Vanderhoof to respond by September 16, 2014. (Doc. # 25).

## DISCUSSION

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple

liability by asking the court to determine the asset's rightful owner." <u>Ohio National Life Assurance Corp. v. Langkau</u>, 353 Fed.Appx. 244, 248 (11th Cir. 2009) (quoting <u>In re Mandalay Shores Coop Housing Association, Inc.</u>, 21 F.3d 380, 383 (11th Cir. 1994)) (internal quotation omitted). "The purpose of an interpleader action is to protect a party from the possibility of defending multiple claims to a limited fund." <u>Reliaster Life Insurance Co. v. Knighten</u>, 2005 WL 1309411 (M.D. Fla. 2005) (citing <u>Matter of Bohart</u>, 743 F.2d 313, 324 (5th Cir. 1984)).

Rita Vanderhoof requests this Court dismiss with prejudice Plaintiff's Complaint in Interpleader. (Doc. # 16). In her Motion for Judgment on the Pleadings, Rita Vanderhoof alleges it is undisputed that Plaintiff designated her the 100% sole beneficiary of the Insured's life insurance policy with Plaintiff, (Doc. # 16); however, in her Answer, Jacqueline Vanderhoof specifically denied that this material change was performed with her knowledge and asserted it was in direct contradiction with the existing and aforementioned Divorce Decree. (Doc. # 10, ¶11–12). Regardless, Rita Vanderhoof alleges that Plaintiff created the conflicting claims and instituted this action for its own protection. (Doc. # 16). If true, Rita Vanderhoof contends, Plaintiff would no longer be considered an innocent stakeholder, and prevailing law would require dismissal of the interpleader action with prejudice. (Doc. # 16).

In opposition to both the Motion for Judgment on the Pleadings and requirement to disburse the remaining funds to Rita Vanderhoof, Plaintiff cites the explicit conflict between Rita Vanderhoof's and Jacqueline Vanderhoof's understanding of the alimony obligations—Rita Vanderhoof contends the obligation expired, and Jacqueline Vanderhoof contends the obligation did not expire.

The Court cannot find as a matter of law that Plaintiff created this conflict or filed this action to protect Plaintiff's interests.  The Divorce Decree does not explain or provide for any cognizable method of determining if or when the Insured's alimony obligation expired with respect to Jacqueline Vanderhoof.  Without clear evidence of if or when that obligation expired, Plaintiff was justified in filing the Complaint in Interpleader, and did not create the conflict; rather, Plaintiff exercised discretion and sought review and judicial clarification of the conflict to determine the rightful owner.  Accordingly, it is

**ORDERED** that Defendant's, Rita Vanderhoof, Motion for Judgment on the Pleadings, is **DENIED**.

**DONE** and **ORDERED**, in Chambers, in Tampa, Florida, this 25th day of September, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE